## DAMAGES FOR INJURY TO AN INFANT.

[Superior Court of Cincinnati, General Term.]

THE CINCINNATI TRACTION CO. v. LOWELL WOOLEY, AN INFANT.

Decided, March, 1906.

*Negligence—Injury of Infant—Elements Upon Which to Base Damages —Verdict of Jury Should Stand, When—Matters not Susceptible of Expert Testimony—Charge of Court—Speculative Damages.*

1. A matter not susceptible of expert testimony should be determined by the jury from the evidence without the expression of opinion on the part of the witnesses.
2. In an action for damages on account of the wrongful injury of an infant, it is erroneous to instruct the jury as to special damages, when the petition does not allege nor the evidence show special damages; and so as to time lost and diminished earning capacity, when there is not evidence relating thereto, and no evidence of the emancipation of the minor.

HOFFHEIMER, J.; HOSEA, J., and LITTLEFORD, J., concur.

The action below was for damages suffered by defendant in error, an infant aged seven years. The action was brought by

the father as next friend, and the verdict was for defendant in error, in the sum of $10,200. In due course, judgment was entered on the verdict, and these proceedings in error are had to reverse the proceedings below. Several grounds are assigned, and it is claimed that the verdict is against the weight of the evidence; that the court erred in the admission of testimony, and that there was error in the charge of the court relating to the measure of damages.

We have carefully read the entire record in this case, and although it was argued with much force that the verdict was against the weight of the evidence, we do not feel that we can interfere with the verdict on that account. While we may differ with the jury and while we may even doubt the correctness of its finding, we must be guided by the rule established in Ohio. In *McGatrick* v. *Wason*, 4 O. S., 566, 575, Judge Thurman said:

"Should we disturb this finding? If it is clearly wrong, we must do so. If we only doubt its correctness, we must let it alone."

In *French* v. *Millard*, 2 O. S., 63, the court said:

"We are not satisfied that the verdict of the jury was right, but this is not enough. A mere difference of opinion between the court and the jury does not warrant the former in setting aside the verdict of the latter. That would be in effect to abolish the institution of juries and substitute the court to try all questions of fact."

We can not say that the verdict was clearly wrong, and, therefore, can not say that the verdict was against the weight of the evidence.

It is claimed that the court erred in permitting the following questions to be asked and answered:

"Q. If the fender of this car had been dropped before the car reached the boy where he was lying on the ground, you may state whether or not, this boy of the size you then observed, would have passed under the fender?
"A. He could not."

Plaintiff in error duly objected to the admission of this testimony, and noted his exception, and we think that the court erred in overruling the objection of the plaintiff in error, and

in permitting witness to answer the question. The matter was not one that was susceptible of any expert testimony, and it was one of the questions that the jury had to determine for itself under the evidence. The jury had all of the primary facts upon which to form an intelligent opinion, and arrive at a correct conclusion without the use of extrinsic opinions. The fact to be determined was not obscure, and the jury was as capable of determining the question and forming ,an opinion as an expert. *Railroad Co.* v. *Shultz*, 43 O. S., 270, 283; *Insurance Co.* v. *Eshelman*, 30 O. S., 647, 656; *Circleville* v. *Sohn*, 20 C. C., 368, 373.

We likewise think that inasmuch as the action was brought by the next friend on behalf of the infant, the court erred in that part of its general charge, relating to the measure of damages. The court said in its charge:

"If the jury under these instructions, considering all the testimony as I have here directed, should find for the plaintiff, it would be your duty to assess damages. And in that event, your verdict should be in such an amount as will compensate for the injuries which the plaintiff has actually sustained, directly resulting from the negligence and want of care on the part of the defendant. This would include the pain and suffering that he has endured; time lost by reason of his injury; the loss that may accrue to him by reason of his diminished capacity to earn money, in the event that you find that his injuries are such as to diminish his capacity to earn money. You would be justified also in taking into consideration in your verdict all the expense to which he has been put in consequence of the injury; and if you find for the plaintiff, the jury would be justified in awarding him such damages as may fairly compensate him for the injury."

The petition did not set forth any expense by way of special damages, nor was there any evidence on this point. The charge that the jury would be justified in considering expense, was erroneous, because it permitted the jury to speculate upon the question of damages. *Andrews* v. *Railroad*, 19 O. C. C., 699; *Railroad* v. *Zepperlin*, 10 C. C., 36.

That part of the charge quoted, which permitted damages for "time lost by reason of the injury" was also misleading, and also permitted the jury to indulge in speculation. There

was no evidence of time lost by the minor (Voorheis on Measure of Damages, Personal Injuries, par. 36), and even if there .was, the earnings of the minor, as no emancipation was shown, properly belonged to the parent.

That part of the charge that permitted the jury to award damages ''for the loss that may accrue to him by reason of his diminished capacity to earn money in the future'' was likewise prejudicial to plaintiff in error. If any cause of action accrued for diminished earning capacity during minority, it was in the parent and not in the infant. *Rosencrantz* v. *Lindell Railway Co.,* 108 Mo., 9.

Although there was no testimony as to expense or time lost, it could not be said the jury under the charge did not indulge in speculation on these various items, concerning which the court had so fully charged, and it could not be said that it did not consider the diminished earning capacity of the infant; or that it did not include in its calculations the ten years, more or less, that remained up to the time of this child's majority. If anything was allowed by way of damages for these various elements included in the charge, it would be impossible to discover it or separate it from the verdict. The question of damages, it can be readily seen, was an exceedingly important element in the case, and as the instructions in regard thereto were misleading and erroneous, and upon a point material to it (*Lowe* v. *Lehman,* 15 O. S., 179), we are of opinion that the error was prejudicial to plaintiff in error, and we conclude that the judgment must be reversed, verdict set aside and a new trial granted, and it is so ordered.

LITTLEFORD, J.

I concur in this opinion and think the judgment below ought to be reversed for the additional reason that the verdict is against the weight of the evidence.

*Kittredge & Wilby,* for plaintiff in error.

*Byron M. ClenDening,* for defendant in error.